IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTHONY Q. KELLY, #352736  *
    Plaintiff,
v.         * CIVIL ACTION NO. RDB-16-4143

STEPHEN T. MOYER    *
STATE OF MARYLAND
FRANK B. BISHOP, JR.    *
RICHARD S. RODERICK
    Defendants. *
      *****

## **MEMORANDUM OPINION**

This 42 U.S.C. § 1983 civil rights Complaint was received on December 27, 2016. Anthony Kelly, a State of Maryland inmate confined at the North Branch Correctional Institution ("NBCI") in Cumberland, Maryland, raised a failure-to-protect claim against correctional administrators and an NBCI classification case manager.

Pending before the Court are Defendants Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. ECF No. 10. Kelly has filed an Opposition.[1] ECF No. 12. No hearing is deemed necessary to resolve the issues and the case may be determined on the pleadings. *See* D. Md. Local R. 105.6 (2016). For reasons set forth below, Defendants' Motion, construed as a motion for summary judgment, is GRANTED.

## **BACKGROUND**

The following facts are presented in the light most favorable to Kelly, the non-moving party:

---

[1] Kelly has also filed Motions to Schedule a Bench Trial Date and Time and for Temporary Restraining Order. ECF Nos. 13 & 14.

**I. Kelly's Account**

Kelly alleges that he was transferred to NBCI in September of 2008, and was granted single-cell status in June of 2009. He maintains that in October of 2015 he was informed that he would be taken off single-cell status. He contends that NBCI does not have a protective custody unit and his requests submitted to Defendants Bishop and Moyer, respectively the NBCI Warden and Department of Public Safety and Correctional Service Secretary, to be placed on protective custody were refused. He alleges that he is likely to be seriously harmed if in general population. Kelly asserts that his confinement on protective custody, with single-cell status, is necessary because (1) he was "accused" of murders and sexual offenses[2] and (2) he was to be housed in a cell with a dangerous gang member who is known to murder his cell mates and another inmate who is known to rape his cellmate. These assignments, he alleges, were made in retaliation for his filing several lawsuits against the prison. Kelly further states that since December 7, 2015, he has been placed on disciplinary segregation for refusing housing. ECF No. 1, pp. 3-6 and

---

[2] The record presented to the Court in *Kelly v. Shearin, et al.*, Civil Action No. AW-09-2241, showed that in October of 2002, Kelly was charged with first-degree rape, first-degree assault, and use of a firearm in the commission of a felony or crime of violence in *State v. Kelly*, Case No. 96433. ECF No. 8, Ex. 1. In May of 2003, he was charged with first-degree rape, robbery with a dangerous and deadly weapon, and firearm use in *State v. Kelly*, Case No. 97760. *Id.*, Ex. 2. Also in May of 2003, he was charged with counts of first-degree murder, burglary, armed robbery, theft, and use of a firearm in *State v. Kelly*, Case No. 97749. *Id.*, Ex. 3. All charges were filed in the Circuit Court for Montgomery County. At the conclusion of pre-trial hearings, on June 3, 2004, Kelly was declared incompetent to stand trial in all three cases. *Id.*, Exs. 1-3. On February 5, 2008, however, the Circuit Court determined that Kelly was competent to stand trial in all three cases. *Id.*

On June 11, 2008, a jury found Kelly guilty by a jury of first-degree rape, first-degree assault, and use of a handgun in the commission of a felony or crime of violence in *State v. Kelly*, Case No. 96433. On July 2, 2008, a jury found him guilty of first-degree rape in *State v. Kelly*, Case No. 97760. On August 4, 2008, a jury found Kelly guilty of two counts of first-degree murder, burglary, armed robbery, theft, and two counts of use of a handgun in the commission of a felony or crime of violence in *State v. Kelly*, Case No. 97749. On September 8, 2008, Kelly was sentenced in all three cases to four consecutive life sentences plus additional twenty- and eighty-year consecutive terms.

2

ECF No. 10-1. Kelly seeks declaratory and injunctive relief, as well as "monetary, compensatory, nominal, and punitive" damages against Defendants. ECF No. 1, pp. 6-10.

## II. Defendants' Assertions

In response to Kelly's allegations, Defendants assert the following facts. Kelly is housed at NBCI, which does not have a protective custody housing unit or tier. ECF No. 10-2, Bishop Decl. According to the records presented, Kelly has no known validated enemies at NBCI and if an enemy situation was validated, Kelly would be removed from general population until the enemy situation was resolved. ECF No. 10-2, Bishop Decl. and ECF No. 10-3, Durst Decl.

Kelly is presently housed on disciplinary segregation, where he is closely monitored and escorted by a security detail when outside his cell. His segregation sentence was scheduled to expire on May 13, 2017, at which time he would be eligible for general population. Defendants maintain that from January 5, 2009 to April 27, 2017, Kelly has had 91 encounters with case management personnel. They state that none of the notes concerning these personal contacts indicates that Kelly requires a single cell due to the nature or notoriety of his crimes or because of his fear of gangs. ECF No. 10-3, pp. 2-19.

## III. Kelly's Opposition

Kelly claims that Defendants' dispositive motion fails to raise good law that can be relied on. He additionally argues that he has raised an arguable question of law and his claims raise disputed factual issues. ECF No. 12.

## DISCUSSION

### I. Standard of Review

#### A. Motion to Dismiss

The purpose of a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b) (6) is to test the

3

sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999). The dismissal for failure to state a claim upon which relief may be granted does not require a defendant to establish "beyond doubt" that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 561-62 (2007). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id.* at 562. The Court need not, however, accept unsupported legal allegations, *see Revene v. Charles County Comm'rs,* 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *see Papasan v. Allain,* 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *see United Black Firefighters v. Hirst,* 604 F.2d 844, 847 (4th Cir. 1979).

### B.    Summary Judgment

Under Federal Rule of Civil Procedure 56(a), the Court grants summary judgment if the moving party demonstrates that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). In assessing the Motion, the Court must believe the evidence of the non-moving party, view the facts in the light most favorable to the nonmoving party, and draw all justifiable inferences in its favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986).

The nonmoving party has the burden to show a genuine dispute on a material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87 (1986). "A material fact is one that might affect the outcome of the suit under the governing law." *Spriggs v. Diamond Auto Glass,* 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson,* 477 U.S. at 248) (internal quotation marks omitted). A dispute of material fact is only "genuine" if sufficient

evidence favoring the nonmoving party exists for the trier of fact to return a verdict for that party. *Anderson*, 477 U.S. at 248–49. Under Fed. R. Civ. P. 56(a):

> A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal

quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)). A non-moving party cannot defeat the defendants' properly supported summary judgment motion with mere groundless generalizations or speculation. *Glover v. Oppleman*, 178 F. Supp 2d 622, 631 (W. D. Va. 2001) ("Mere speculation by the non-movant cannot create a genuine issue of material fact.").

## II. Failure-to-Protect Claim

In order to prevail on an Eighth Amendment claim of failure to protect from violence, the plaintiff must establish that defendants exhibited deliberate or callous indifference to a specific known risk of harm. *See Pressly v. Hutto*, 816 F.2d 977, 979 (4th Cir. 1987). "Prison conditions may be 'restrictive and even harsh,' but gratuitously allowing the beating or rape of one prisoner by another serves no legitimate penological objective, any more than it squares with evolving standards of decency. Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." *Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994) (citations omitted). "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837, *see also Rich v. Bruce*, 129 F.3d 336, 339-40 (4th Cir. 1997).

"The Eighth Amendment's prohibition on cruel and unusual punishments imposes certain basic duties on prison officials." *Raynor v. Pugh*, 817 F.3d 123, 127 (4th Cir. 2016), citing *Farmer*, 511 U.S. at 832. Those duties "include maintaining humane conditions of confinement, including the provision of adequate medical care and…'reasonable measures to guarantee the

quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)). A non-moving party cannot defeat the defendants' properly supported summary judgment motion with mere groundless generalizations or speculation. *Glover v. Oppleman*, 178 F. Supp 2d 622, 631 (W. D. Va. 2001) ("Mere speculation by the non-movant cannot create a genuine issue of material fact.").

## II. Failure-to-Protect Claim

In order to prevail on an Eighth Amendment claim of failure to protect from violence, the plaintiff must establish that defendants exhibited deliberate or callous indifference to a specific known risk of harm. *See Pressly v. Hutto*, 816 F.2d 977, 979 (4th Cir. 1987). "Prison conditions may be 'restrictive and even harsh,' but gratuitously allowing the beating or rape of one prisoner by another serves no legitimate penological objective, any more than it squares with evolving standards of decency. Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." *Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994) (citations omitted). "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837, *see also Rich v. Bruce*, 129 F.3d 336, 339-40 (4th Cir. 1997).

"The Eighth Amendment's prohibition on cruel and unusual punishments imposes certain basic duties on prison officials." *Raynor v. Pugh*, 817 F.3d 123, 127 (4th Cir. 2016), citing *Farmer*, 511 U.S. at 832. Those duties "include maintaining humane conditions of confinement, including the provision of adequate medical care and…'reasonable measures to guarantee the

quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)). A non-moving party cannot defeat the defendants' properly supported summary judgment motion with mere groundless generalizations or speculation. *Glover v. Oppleman*, 178 F. Supp 2d 622, 631 (W. D. Va. 2001) ("Mere speculation by the non-movant cannot create a genuine issue of material fact.").

## II. Failure-to-Protect Claim

In order to prevail on an Eighth Amendment claim of failure to protect from violence, the plaintiff must establish that defendants exhibited deliberate or callous indifference to a specific known risk of harm. *See Pressly v. Hutto*, 816 F.2d 977, 979 (4th Cir. 1987). "Prison conditions may be 'restrictive and even harsh,' but gratuitously allowing the beating or rape of one prisoner by another serves no legitimate penological objective, any more than it squares with evolving standards of decency. Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." *Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994) (citations omitted). "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837, *see also Rich v. Bruce*, 129 F.3d 336, 339-40 (4th Cir. 1997).

"The Eighth Amendment's prohibition on cruel and unusual punishments imposes certain basic duties on prison officials." *Raynor v. Pugh*, 817 F.3d 123, 127 (4th Cir. 2016), citing *Farmer*, 511 U.S. at 832. Those duties "include maintaining humane conditions of confinement, including the provision of adequate medical care and…'reasonable measures to guarantee the

safety of the inmates.'" *Id.* "[N]ot every injury suffered by a prisoner at the hands of another translates into constitutional liability for prison officials responsible for the victims safety." *Makdessi v. Fields*, 789 F.3d 126, 133 (4th Cir. 2015). A two-part inquiry that includes both an objective and a subjective component must be satisfied before liability is established. *See Raynor*, 817 F.3d at 127.

Objectively, the prisoner "must establish a serious deprivation of his rights in the form of a serious or significant physical or emotional injury" or substantial risk to either injury. *Danser v. Stansberry*, 772 F.3d 340, 346–47 (4th Cir. 2014). The objective inquiry requires this Court to "assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk." *Helling v. McKinney*, 509 U.S. 25, 36 (1993). A genuine dispute of fact regarding the extent of the injury suffered precludes summary judgment. *Raynor*, 817 F.3d at 128.

Subjectively, a plaintiff must establish that the prison official involved had "a sufficiently culpable state of mind" amounting to "deliberate indifference to inmate health or safety." *Farmer*, 511 U.S. at 834. Evidence establishing a culpable state of mind requires actual knowledge of an excessive risk to the prisoner's safety or proof that prison officials were aware of facts from which an inference could be drawn that a substantial risk of serious harm exists and that the inference was drawn. *Id.* at 837. A plaintiff may "prove an official's actual knowledge of a substantial risk 'in the usual ways including inference from circumstantial evidence" so that "'a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.'" *Raynor*, 817 F.3d at 128.

Actual knowledge of a substantial risk does not alone impose liability. Where prison officials responded reasonably to a risk, they may be found free of liability. *Farmer*, 511 U.S. at

7

844. "In failure to protect cases, prison guards have no constitutional duty to intervene in the armed assault of one inmate upon another when intervention would place the guards in danger of physical harm." *Raynor*, 817 F.3d at 128 (internal quotation marks omitted) (quoting *Prosser v. Ross*, 70 F.3d 1005, 1008 (8th Cir. 1995)). Failure to take any action in an ongoing assault, however, can amount to deliberate indifference. *See Winfield v. Bass*, 106 F.3d 525, 532 (4th Cir. 1997).

## ANALYSIS

Kelly has been called upon to rebut Defendants' Declarations and materials with his own verified documents to establish a genuine dispute of material fact with regard to his personal safety claims. The Court finds he has failed to do so. He has presented only conclusory and general claims that his life is at risk because of gang members and because of the heinous nature of his crimes. Simply put, there is no information showing that Defendants knew of a specific or general threat to Kelly's life and failed to take action to eliminate or reduce the risk. They affirm, and it is not refuted, that Kelly has no verified enemies at NBCI. Of most import, Kelly has not shown that he has a documented reason for being housed on protective custody, in a single-cell.[3] A prisoner has no right to a particular classification status and, in general, prison officials' housing and classification decisions do not give rise to federal constitutional claims

---

[3] Many inmates prefer a single cell for protection and privacy. Most claims related to single-celling are based on the correctional facility's refusal to accommodate an inmate's request for a single cell. *See, e.g., Williams v. Bishop*, Civil Action No. RWT-12-1616, 2014 WL 4662427, at *6 (D. Md. Sept. 17, 2014) ("A prisoner's strong desire to be in a single cell, based on his belief that his medical conditions cause difficulties with cellmates, does not entitle him to housing in a single cell unless medical providers have made a directive for a single cell based on a medical need."); *Murphy v. Warden*, Civil action No. DKC-15-2448, 2016 WL 5390826, at *4 (D. Md. Sept. 27, 2016) (finding that inmate failed to demonstrate that prison officials acts with deliberate indifference to a serious medical need or to the excessive risk of harm when denying inmate's request for a single cell).

In any event, regardless of whether an inmate wants a single cell or a double cell, "[I]mates do not have a constitutionally recognized liberty interest in a particular security classification or a constitutional right to be confined in a particular prison." *Meachum v. Fano*, 427 U.S. 215, 224 (1976).

encompassed by the protection of liberty and property guaranteed by the Fifth and Fourteenth Amendment.[4]

On August 7, 2017, the Court received Kelly's Motion for Temporary Restraining Order and Order to Show Cause for Preliminary Injunction. ECF No. 14. He continues to allege that Defendants are violating his rights by not placing him on protective custody. Kelly contends that he continues to be placed on disciplinary segregation for refusing to be celled with another inmate. He claims that without emergency relief he is likely to be harmed by gang members. *Id.*

The purpose of a temporary restraining order ("TRO") or a preliminary injunction is to "protect the status quo and to prevent irreparable harm during the pendency of a lawsuit ultimately to preserve the court's ability to render a meaningful judgment on the merits." *In re Microsoft Corp. Antitrust Litig.*, 333 F.3d 517, 525 (4th Cir. 2003). A preliminary injunction is distinguished from a TRO only by the difference in notice to the nonmoving party and by the duration of the injunction. *U.S. Dep't of Labor v. Wolf Run Mining Co.*, 452 F.3d 275, 281 n. 1 (4th Cir. 2006) (comparing Fed. R. Civ. P. 65(a) with Fed. R. Civ. P. 65(b)). The substantive standards for granting a TRO or a preliminary injunction are thus identical. To obtain a TRO or a preliminary injunction, a plaintiff must establish that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *Winter v. Natural Res. Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *see Dewhurst v. Century Aluminum Co.*, 649 F.3d 287, 290 (4th Cir. 2011). Because a preliminary injunction is "an extraordinary remedy ... [it]

---

[4] In light of this decision, the Court need not rule on Defendants' qualified immunity argument.

9

may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

As already indicated, Kelly has provided no specific information to show that he has been threatened with harm by gang members, has communicated this information to Defendants, and has nonetheless been refused protective custody, with single-celled status. His generalized claims, when taken with Defendants Declarations and exhibits, do not warrant injunctive relief. Kelly's Motion for emergency relief shall be denied.

## CONCLUSION

For the aforementioned reasons, Defendants' court-construed motion for summary judgment shall be GRANTED. Kelly's Motion to Schedule a Bench Trial Date shall be DENIED. A separate Order follows in compliance with the Memorandum Opinion.

Date: AUGUST 14, 2017

　　　　　　　　　　　　　　　　/s/ Richard D. Bennett
　　　　　　　　　　　　　　　　RICHARD D. BENNETT
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE